Filed 8/13/26  Nguyen v. Cramer CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PETER NGUYEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RITA CRAMER et al.,<br><br>    Defendants and Respondents. | G065995<br><br>(Super. Ct. No. 30-2024-01381650)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila Recio, Judge. Affirmed. Appellant's Motion Re Appealability, Structural Error and Judicial Bias, and Objections to Costs. Denied.

Peter Nguyen, in pro. per., on behalf of Plaintiff and Appellant.

Woodruff & Smart, Caroline A. Byrne and Roberta A. Kraus, on behalf of Defendants and Respondents.

Plaintiff Peter Nguyen appeals the judgment entered against him in favor of defendants Rita Cramer, Rafael Avila, Jake Tran, and Lisa L. Kim (respondents) after the trial court sustained their demurrer to his operative third amended complaint (TAC) without leave to amend.[1] Plaintiff failed to designate key documents necessary to our review of the trial court's order sustaining respondents' demurrer, including the demurrer papers; failed to provide record citations to support his assertions; and failed to provide developed legal argument with citation to authority with respect to his challenge to key aspects of the trial court's ruling. We conclude plaintiff has forfeited his arguments challenging the judgment, which we presume to be correct. And even assuming plaintiff did not forfeit his arguments on appeal, we have considered the allegations of the TAC in the light most favorable to plaintiff and find no error on the face of the order sustaining respondents' demurrer or the judgment. We affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

During an inspection of solar panels at plaintiff's residential property, representatives of the City of Garden Grove (City) noticed several violations of the Garden Grove Municipal Code. When plaintiff refused the City's request to further inspect the property with respect to those violations, the City obtained an inspection warrant from the Orange County Superior

---

[1] Plaintiff filed this action in Orange County Superior Court while another case he had filed against the same defendants arising from the same set of alleged facts was already pending in that court. (See *Nguyen v. Hutchins*, Orange County Superior Court case No. 30-2024-01374287.) Plaintiff's appeal from a judgment entered against plaintiff in that other case is also pending before us (case No. G065994). Although related, the cases have not been consolidated.

Court.[2] Pursuant to the warrant, the City conducted a second inspection of the property, which plaintiff alleges was a "forcible entry."

Plaintiff filed his initial complaint in this action on February 28, 2024, and his TAC on August 12, 2024.[3] The TAC includes 11 causes of action against seven defendants, including the four respondents in this appeal, as well as the City of Garden Grove (City), city attorney Nicholas A. Hutchins, and chief building official David Dent. The causes of action included (1) violation of 42 United States Code section 1983,[4] (2) perjury, (3) contempt of court, (4) obstruction of justice, (5) unlawful search, (6) retaliation, (7) aiding and abetting, (8) malicious prosecution, (9) intentional misrepresentation, (10) false imprisonment, and (11) intentional infliction of emotional distress. Among other things, plaintiff alleged defendants caused damage to portions of his property during the inspection performed pursuant to the warrant, the inspection warrant was deficient and obtained through false statements, defendants caused plaintiff and members of his family to

---

[2] Plaintiff alleges defendant Avila told him the warrant was obtained based on a third party's complaint about plaintiff's property.

[3] Plaintiff did not designate the TAC as part of the record on appeal, but instead designated his first amended complaint filed March 14, 2024, which was superseded by the second amended complaint filed August 8, 2025, which in turn was superseded by the TAC filed August 12, 2025. Respondents added the TAC to the record pursuant to their motion to augment, which we previously granted.

[4] This cause of action was alleged only against the City, Hutchins, and Dent.

stand outside in the rain during the inspection and to suffer distress, and defendants exceeded the scope of permissible inspections.

On March 28, 2025, before respondents had been served in the action, the trial court sustained without leave to amend the demurrer to the TAC filed by the City, Hutchins, and Dent. The court determined (1) plaintiff had failed to allege compliance with the Government Claims Act (Gov. Code, § 810 et seq., Tort Claims Act); (2) plaintiff failed to allege facts sufficient to show the doctrine of estoppel applied to preclude defendants from invoking the Tort Claims Act; (3) plaintiff continues to allege causes of action for perjury, contempt of court, and obstruction of justice, which are not valid causes of action; (4) the court previously found Hutchins and Dent are entitled to absolute immunity but plaintiff had failed to address that ruling in the TAC; and (5) despite having had a prior opportunity to amend and rectify these deficiencies in his prior pleading, plaintiff failed to do so.[5]

On April 16, 2025, the court issued a minute order that stated it was declining to enter judgment because respondents had not been served and also ordered plaintiff to show cause why the court should not impose sanctions against him, including dismissal of the action, for failure to serve respondents and prosecute the case against them.

On September 19, 2025, after respondents were brought into the action, the trial court entered an order sustaining their demurrer to the TAC

---

[5] The court's March 28, 2025 order indicated that, although the court had sustained demurrers to plaintiff's prior pleadings on the grounds plaintiff had failed to comply with the Tort Claims Act and Hutchins and Dent were entitled to absolute immunity, the allegations in plaintiff's TAC remained "essentially unchanged." The court referenced a minute order issued August 1, 2024, but plaintiff did not include that order as part of the record on appeal.

4

on the same grounds set forth in its March 28, 2025 minute order. The court also denied plaintiff's motion for reconsideration of the April 16, 2025 order, noting the order "simply reflect[ed] that (1) the court declined signing a proposed judgment at that time because the case was not yet resolved as to [m]oving [d]efendants and (2) the court set an Order to Show [Cause re] Sanctions for failure to serve and prosecute as to the [m]oving [d]efendants."[6]

Plaintiff filed a notice of appeal seeking review of the September 19, 2025 minute order. The court entered judgment on October 10, 2025.[7]

## DISCUSSION

### I.

#### PLAINTIFF FORFEITED HIS ARGUMENTS CHALLENGING THE JUDGMENT

Plaintiff makes multiple arguments on appeal. He contends (1) the trial court erred in finding the TAC lacked sufficient allegations of

---

[6] Although plaintiff designated the September 19, 2025 order as part of the record on appeal, he did not designate any of the documents filed in support of or in opposition to any of the demurrers; nor did he designate any of the papers filed in support of or in opposition to his motion for reconsideration of the April 16, 2025 order.

[7] We treat plaintiff's appeal as prematurely taken from the judgment, which was not entered until October 10, 2025, after plaintiff initiated this appeal. Plaintiff challenges the September 19, 2025 order and the judgment *only* as they relate to the four respondents. Plaintiff does not in this appeal challenge the judgment as to the City, Hutchins, and Dent, and we therefore find plaintiff has waived any challenge in this action either to the judgment as to those three defendants (who have not appeared as respondents in this appeal) or to the March 28, 2025 order sustaining their demurrer without leave to amend. Plaintiff made clear the scope of his intended appeal when he opposed respondents' motion to augment the record to include the March 28, 2025 order by insisting the September 19, 2025 order is "the only ruling on appeal" and the March 28, 2025 order is "irrelevant." Plaintiff also failed to designate as part of the appellate record the demurrer filed by the City, Hutchins, and Dent and did not include in his

5

equitable estoppel so as to excuse plaintiff's failure to comply with the Tort Claims Act, (2) respondents do not have immunity from claims alleging federal constitutional violations, (3) the court abused its discretion by denying plaintiff further leave to amend his pleading and denying plaintiff's motion for reconsideration, and (4) the trial court violated plaintiff's due process and first amendment rights by "disregarding material allegations, interrupting and cutting off [a]ppellant during oral argument, ignoring his indigent fee-waiver status, senior status, limited English proficiency, and pro se protections, failing to consider the merits of his constitutional claims [and] adopting [r]espondents' proposed judgments—including an award of [r]espondents' legal costs and fees." (Boldface omitted.)

We begin with the fundamental principle that a judgment of the trial court is presumed to be correct on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, "the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment [or order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) "'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' [Citation.] "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.'" (*Chavez v. Alco Harvesting, LLC* (2024) 102 Cal.App.5th 866, 870.) The trial court's denial of leave to amend is reviewed for abuse of discretion (*Kilgore v.*

appellate briefing any argument with citations to legal authority addressing the validity of the March 28, 2025 order.

6

*Younger* (1982) 30 Cal.3d 770, 781), as is its denial of plaintiff's motion for reconsideration (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106).

We conclude plaintiff has forfeited his arguments challenging the judgment. First, the appellate record is inadequate to enable us to conduct a meaningful review of the September 19, 2025 order and the resulting judgment in favor of respondents. Plaintiff failed to include in the appellate record respondents' demurrer and the papers filed in support thereof, plaintiff's opposition papers, and plaintiff's motion for reconsideration and any opposition to it. (See *Jameson v. Desta, supra,* 5 Cal.5th at p. 609 [""'[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed'"'].)

In addition, plaintiff failed to provide citations to the appellate record in support of the factual assertions in his briefing.[8] (See Cal. Rules of Court, rule 8.204(a)(1)(C) [appellant must support all statements of fact in their briefs with citations to the record]; rule 8.204(a)(2)(C) [appellant must confine statements "to matters in the record" on appeal]; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 287 [failure to provide adequate record citations results in forfeiture of appellant's claims on appeal]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [the appellate court has no duty to "'search the record on its own seeking error'"].)

---

[8] For instance, plaintiff's accusations of misconduct against the trial judge are entirely unsupported by the appellate record, and plaintiff fails to cite to anything supporting his claims. We admonish plaintiff to refrain from making unsupported attacks on the integrity of the court. Judicial bias is a serious matter. To make such an accusation without any evidence to support it is a grievous misuse of the judicial system and will not be tolerated. (See *In re Koven* (2005) 134 Cal.App.4th 262, 264–265 [briefs

7

Although we deem plaintiff's contentions to be forfeited, we have reviewed the allegations of plaintiff's TAC and find no error on the face of either the September 19, 2025 minute order or the judgment. Plaintiff does not dispute the court's conclusion that he failed to allege compliance—or even substantial compliance—with the Tort Claims Act, and we agree with the court's conclusion that the TAC allegations do "not establish even a colorable estoppel claim" under *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 744, and *Castaneda v. Department of Corrections & Rehabilitation* (2013) 212 Cal.App.4th 1051, 1066. Plaintiff does not allege any affirmative acts by defendants that advised, dissuaded, or otherwise prevented him from filing a timely claim.

Plaintiff alleges he failed to comply with the Tort Claims Act because defendant Dent told him they were photographing plaintiff's property to help plaintiff secure permit approval for converting his garage to an ADU but then failed to respond when plaintiff reached out to Dent for assistance with the garage conversion. This is insufficient as a matter of law to constitute equitable estoppel. (*City of Stockton v. Superior Court*, *supra*, 42 Cal.4th at p. 744 [plaintiff failed to establish "even a colorable estoppel claim" based on allegations that defendants had assured plaintiff its interests would be protected in order to avoid a claim against them, but "allege[d] no conduct that might have deterred it from presenting a claim after defendants failed to keep their promises"].) Defendants also had no legal duty to inform plaintiff of his obligation to file a claim, and mere silence does not establish estoppel. (*Castaneda v. Department of Corrections & Rehabilitation*, *supra*, 212 Cal.App.4th at p. 1066.)

---

falsely accusing court of deliberate dishonesty resulted in contempt proceedings and monetary fine].)

Plaintiff contends his allegations of equitable estoppel are "nearly identical to those accepted in *J.P. v. Carlsbad Unified School Dist.* (2014) 232 Cal.App.4th 323, 336–338." They are not. Indeed, plaintiff's allegations are a far cry from those in *J.P. v. Carlsbad Unified School District.* In that case, which involved alleged sexual abuse by a third-grade teacher, the evidence showed the school administrators repeatedly told the parents of the minor plaintiff not to discuss the molestation with anyone so as not to jeopardize a future criminal prosecution of the alleged perpetrator, which intimidated them and caused them to delay speaking to an attorney and filing a governmental claim within six months of the incident. (*Id.* at pp. 332, 334–335.)[9]

Plaintiff argues the trial court erred in determining Government Code section 821.6 provides respondents immunity from his cause of action under 42 United States Code section 1983. As noted above, however, this claim was not alleged against respondents, but only against the City, Hutchins, and Dent, who were previously dismissed on demurrer pursuant to the March 2025 order that plaintiff unequivocally stated is *not* at issue in this appeal. Even assuming for the sake of argument (and contrary to plaintiff's assertion) that the claim under 42 United States Code section 1983 was also alleged against respondents, it does not appear the court relied solely on immunity under *state law*. To the contrary, the court cited *Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 913, a federal decision, in ruling respondents are entitled to immunity for the same reasons it found

[9] Plaintiff also cites *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 445–446, *City of Long Beach v. Mansell* (1970) 3 Cal.3d 462, 489, and *Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305. None of these cases supports plaintiff's contention that his allegations are sufficient to overcome a demurrer on the issue of equitable estoppel.

Hutchins and Dent were entitled to immunity. Plaintiff does not address that case or provide developed argument with citation to legal authority regarding whether federal law might provide immunity to respondents. By failing to do so, plaintiff has waived any challenge to the judgment with respect to the court's finding of immunity as to the individual defendants. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 [court may disregard legal arguments not supported by citations to authority]; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived'"].)

Plaintiff also failed to show the trial court abused its discretion by denying him leave to amend his TAC. Among other things, plaintiff provided no record that he ever asked the court for leave to amend and demonstrated to it how he could rectify the deficiencies in his pleading. (See *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 ["'[T]he burden is on the plaintiff to demonstrate that the trial court abused its discretion. [Citations.] Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading'"].) Plaintiff also failed on appeal to demonstrate how he could amend his pleading to state a claim.[10] (See *Nealy v. County of Orange* (2020) 54 Cal.App.5th 594, 608 [although a party may establish for the first time on appeal the ability to amend a pleading to correct deficiencies, that showing must be made].)

---

[10] Plaintiff contends he "specifically offered to amend to provide the names and statements of the [c]ity employees who misled him about claim filing, additional detail supporting equitable estoppel, clarified constitutional claims, and supporting documentation." But plaintiff fails to cite to any portion of the record in which he made such an offer, and on

## II.

### PLAINTIFF'S OCTOBER 27, 2025 MOTION IS DENIED

On October 27, 2025, plaintiff filed a motion asking this court to (1) recognize the appealability of the September 19, 2025 minute order; (2) address structural error and judicial bias; and (3) enter a protective objection to any claim for costs. We deny the motion in its entirety.

First, the issue of the appealability of the September 19, 2025 minute order is moot. Judgment was entered and we are reviewing the order as part of our review of the judgment in favor of respondents.

Second, as to the portion of plaintiff's motion in which he seeks to address asserted structural error and judicial bias, it is unclear what relief plaintiff seeks separate and apart from his appeal from the judgment. As best we can determine, this portion of the motion appears to be based on plaintiff's contention the trial court (1) refused to sign the September 19, 2025 order so as to allow for appealability, (2) made "inconsistent rulings," and (3) engaged in the "selective entry of judgment." The trial court's refusal to sign the order allowing plaintiff to appeal is moot. And we have considered plaintiff's other arguments relating to the rulings and judgment in favor of respondents as part of this appeal, so no different or further relief is warranted.

Third, in plaintiff's "protective objection" to costs, he states he "objects to any memorandum of costs that may be filed" and asks that we sustain that preemptive objection. (Boldface omitted.) There is no cost award before us in this appeal, and we do not issue advisory opinions "on controversies which the parties fear will arise, but which do not presently exist." (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 78.)

---

appeal, he fails to set forth what additional *factual* allegations he could add to his pleading to overcome the deficiencies in his pleading.

11

## DISPOSITION

The judgment is affirmed. Respondents shall recover costs on appeal.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SERVINO, J.